## No. XXVI.

### EDWARD C. BEAZELY V. SAMUEL STINSON AND THOS. H. WOLF.

*Appeal from Harrison County.*

HEMPHILL, CHIEF JUSTICE.—This cause comes before this court upon an appeal from the District Court of Harrison County. The record shows that it was an action brought by the plaintiff for the recovery of the books, papers, etc., belonging to the office of the clerk of the County Court of Harrison. The plaintiff, Beazely, and the defendant, Wolf, both claim to be clerk; and the defendant pleaded that Pulaski and not Marshall was the legal seat of justice of Harrison County. The judge below overruled the plea as to the seat of justice of the county, and decided that Thomas H. Wolf was legally the clerk of the county court; and from this decision the plaintiff appealed. From the statement of facts which comes up, it appears that one C. K. Andrews was the clerk of the County Court of Harrison County previous to the division of that county into Harrison and the judicial county of Panola by an act of Congress. After such division Andrews became a candidate for and was elected clerk of the County Court of Panola, and Thomas H. Wolf was duly elected clerk of Harrison and entered upon the discharge of his duties; and Pulaski was selected as the seat of justice for Harrison County. Subsequently to these proceedings, the Supreme Court decided that the acts creating judicial counties were unconstitutional. Andrews then resigned his office of clerk of the County Court of Harrison County. The chief justice of Harrison County subsequently issued writs of election for clerk of the county court, when Beazely, having received the highest number of votes, claimed to have been legally elected clerk, gave bonds, etc. After the decision of the Supreme Court before alluded to, the chief justice of Harrison County issued writs of election, under the general law for the removal of county seats (see Acts of Congress, adjourned session of 1838, p. 1), when the town of Marshall received a majority of votes. It also appears from the statement of facts that Marshall is within five miles of the center of the county of Harrison. This court is of the opinion, under all the circumstances, that Andrews having accepted the office of clerk of the County Court of Panola County, an office which was incompatible with the discharge of the duties of his former office of Clerk of Harrison, he thereby vacated the same; and that the election of Wolf was legal, and that he, being the clerk of Harrison County, and in the discharge

**Note 43.**—Manlove v. Kinney, p. 493.

Notice of appeal is essential to appellate jurisdiction, and can not be waived. Lockhart v. Lockhart, 1 T., 200; Burr v. Lewis, 6 T., 76; Bennett v. Spillers, 7 T., 600; Hughes v. State, 33 T., 683; Thomas v. Childs, 36 T., 148; Loften v. Nalley, 28 T., 127; Holek v. Varona, 63 T., 65; Smithwick v. Kelly, 79 T., 564; Nickerson v. Nickerson, 65 T., 281; Western Union Telegraph Co. v. O'Keefe, 87 T., 423.

of his duties as such, and there being no vacancy, the election of Beazely was not authorized by law and could not confer the office upon him. The election for the county seat having been held according to law, and the place selected being within five miles of the center, was in compliance with the statute. We are therefore of opinion that the town of Marshall is the legal county seat for Harrison County. The judgment of the court below must therefore be affirmed.

*Affirmed.*